No. 46.—ARCHIBALD McMILLAN, plaintiff in error, vs. CHARLES McCOY, defendant in error.

[1.] The verdict must be manifestly and palpably contrary to the evidence, so clearly so, as to strike the mind at the first blush, to authorize the Court to set aside the finding of the Jury, and grant a new trial.

Ejectment, in Thomas Superior Court.   Tried before Judge HANSELL, May Term, 1852.

The plaintiff in error brought suit for lot of land 145, in 14th district of Irwin, now Thomas County.   He introduced a grant from the State, to James Jordan, to this lot; a deed from R. C. Hurst to Wm. N. Harrell ; a mortgage *fi. fa.* against Harrell, and a Sheriff's deed, (reciting a sale under

McMillan *vs.* McCoy.

the said *fi. fa.*) conveying the lot to the plaintiff. The plaintiff then introduced the following testimony :

Absalom Martin said, " he knew the lot No. 145, 14th dist. and knew that defendant cultivated some of it." Witness lives on the N. E. cornor lot, the south part of the lot used to be considered in Georgia, but it was now considered, by the neighbors, to be in Florida; and that, cross-examined, said he did not know positively the number—never having seen the number on the tree—and that Harrell told him it was the lot, and all that he knew as to its being the lot, was from information of Harrell, and was always called the lot; said that Harrell cultivated a part of the lot in 1842, as it was then considered, though that portion was considered to be in Florida now; said he lived on No. 131.

Duncan Ray was next offered, and after being duly sworn, said, he saw a negro woman working on the lot; that he did not -know the lot only as represented to him by others, and the plat; that the marks on the plat corresponded with those on the lot; that he traced the lines, but the numbers were missing; that the land lines run below the upper line, called, or run, for the Florida line, as mentioned by Martin, and that this negro was working on the south part of the lot, the same lot upon which McMillan had a plantation.

Thomas Williams was next offered, and after being duly sworn; said he knew the lot of land, No. 145, in the 14th; that Harrell cultivated a part of said lot in 1842–'43, that he had traced the lines and they went below the upper Florida line, as mentioned by Mr. Martin. Cross-interrogated, said he had never seen the number on the trees, but had always heard that was the lot; did not know whether Harrell lived on the lot, but knows that Harrell hugged the Florida line.

To all which testimony, there being no objection, the same was submitted to the Jury. The plaintiff thereupon closed his case, and the defendant offering no testimony, the case was submitted to the Jury under the charge of the Court. The Jury returned a verdict for the plaintiff, for the premises in dispute. Whereupon, counsel for defendant, during the said term

and before the adjournment, moved for a new trial in the said cause, on the following grounds :

1st. Because the Jury found contrary to evidence.

2d. Because the Jury found contrary to law.

The Court granted a new trial on the ground that the verdict was contrary to the evidence, and this decision is assigned as error.

COLE, for plaintiff in error.

ROCKWELL, representing SEWARD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] So far from the verdict, in the opinion of this Court, being manifestly and palpably erroneous, so much so, as to strike the mind at first blush, we think it was amply sufficient to warrant the finding, and consequently reverse the judgment of the Circuit Court, granting a new trial on the ground that the verdict was contrary to the testimony.